UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEDRO PABLO OLIVERA-JULIO,<br><br>                            Petitioner,<br><br>      v.<br><br>NATHALIE ASHER, et al.,<br><br>                            Respondents. | NO.  C14-1312-RSM-JPD<br><br>REPORT AND<br>RECOMMENDATION |

INTRODUCTION

Proceeding through counsel, petitioner Pedro Pablo Olivera-Julio filed a habeas corpus petition under 28 U.S.C. § 2241, seeking an emergency stay of removal and an order of release from immigration detention or a bond hearing. *See* Dkt. 1.  The Court temporarily stayed his removal pending briefing on the issues raised in his habeas petition. Dkt. 2.  Respondents have filed a return memorandum and motion to dismiss, arguing that petitioner's detention is statutorily authorized, he is not entitled to a bond hearing, and this Court lacks jurisdiction to stay his removal.  Dkt. 7.  Petitioner did not file a response.  Having considered the parties' submissions and the governing law, the Court recommends that respondents' motion to dismiss be granted, petitioner's habeas petition be denied, the temporary stay of removal be vacated, and this matter be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

Petitioner is a native and citizen of Mexico, who first entered the United States without inspection in March 2006. Dkt. 8-1. On January 1, 2010, petitioner was arrested on a domestic violence charge for Assault IV and detained at the Grant County Jail. *Id.* On January 5, 2010, the Department of Homeland Security issued a Warrant for Arrest of Alien and a Notice to Appear, charging petitioner with removability for being present in the United States without being admitted or paroled as provided in 8 U.S.C. § 1182(a)(6)(A)(i). Dkts. 8-2 and 8-3. The same day, petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"). Dkt. 8-4. On February 12, 2010, petitioner was released from ICE custody on bond. Dkts. 8-5 and 8-6.

Petitioner was scheduled for an individual immigration hearing on July 15, 2014. Dkt. 8-7. Petitioner failed to appear at that hearing, and the Immigration Judge ordered him removed to Mexico *in abstentia*. Dkt. 8-8.

On or about August 6, 2014, ICE encountered petitioner at the Grant County Jail where he was being held on charges of Driving Under the Influence. Dkt. 8-9. Petitioner was transferred to ICE custody on August 14, 2014, and scheduled for removal. *See* Dkts. 8-10 and 8-11.

On August 22, 2014, petitioner initiated the instant action by filing a habeas petition and emergency request for stay of removal. Dkt. 1. The Court granted a temporary stay of removal and directed that respondents be served. Dkt. 2. Respondents then filed the motion to dismiss that is currently before the Court. Dkt. 7.

\\

\\

REPORT AND RECOMMENDATION - 2

# DISCUSSION

A.   Petitioner's current detention is authorized by 8 U.S.C. § 1231(a)

Pursuant to 8 U.S.C. § 1231(a), the Attorney General is required to detain an alien during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Here, petitioner's *in abstentia* order of removal became administratively final when it was entered on July 15, 2014. *See* 8 C.F.R. § 1241.1(e) (removal order entered in an alien's absence is final immediately upon entry of the order). The 90-day removal period thus expired on or about October 14, 2014.

Following the expiration of the removal period, the Attorney General has the discretionary authority to detain certain aliens, including aliens like petitioner who are ordered removed pursuant to 8 U.S.C. § 1182. 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title . . . may be detained beyond the removal period . . . ."). The Supreme Court has determined that detention under § 1231(a)(6) remains presumptively valid for a period of six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After this six-month period, an alien is entitled to a bond hearing if removal is not imminent, *Diouf v. Napolitano*, 634 F.3d 1081, 1091-92, 1092 n.13 (9th Cir. 2011), or conditional release if the alien can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701. In this case, petitioner entered ICE custody in August 2014, and therefore the six-month presumptively reasonable period will not expire until February 2015. Petitioner's detention therefore is lawful and the Court must deny petitioner's

REPORT AND RECOMMENDATION - 3

request for an order of release or a bond hearing.  *See Zadvydas*, 533 U.S. at 701; *Diouf*, 634 F.3d at 1091-92.  Should petitioner's detention continue past the six-month presumptively reasonable period, he may file a new habeas petition and obtain review.  At that time, however, petitioner must show that he has not been given a bond hearing or provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

B.  <u>This Court lacks jurisdiction over petitioner's remaining claims</u>

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that exclusive jurisdiction over claims that directly or indirectly challenge an order of removal lies in the courts of appeals.  *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").  District courts, however, retain jurisdiction to review "claims independent of challenges to removal orders." *Martinez*, 704 F.3d at 622 (quoting *Singh v. Gonzales* ("*Singh I*"), 499 F.3d 969, 978 (9th Cir. 2007)).  Whether a claim is an indirect challenge to a removal order or an independent claim turns on the substance of the relief the petitioner is seeking.  *Id.*  The Ninth Circuit has found that a claim is independent where the relief sought could be granted without calling into question the merits of

REPORT AND RECOMMENDATION - 4

the decision underlying the order of removal. *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *Singh I*, 499 F.3d at 979.

Petitioner argues that he is entitled to a stay of removal so that he can seek reconsideration of the *in abstentia* removal order. Petitioner further asks the Court to declare that he is eligible to be granted a motion to reopen and reconsider the *in abstentia* removal order, and that ICE's refusal to stay his deportation violates due process and the Eighth Amendment. The Court, however, is without jurisdiction to consider any of these claims because they directly implicate the validity and execution of his removal order. *See, e.g.*, *Martinez*, 704 F.3d at 622; 8 U.S.C. § 1252(g) (REAL ID Act divests district courts of jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . *execute removal orders* against any alien") (emphasis added); *Osorio-Recinos v. Asher*, No. 10-1693-RSL-BAT, 2011 WL 643279, at *4 (W.D. Wash. Jan. 24, 2011). As such, the temporary stay of removal should be vacated and petitioner's habeas petition should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 7, be GRANTED; petitioner's habeas petition, Dkt. 1, be DENIED; the temporary stay of removal, Dkt. 2, be VACATED; and this matter be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 6, 2014**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of

REPORT AND RECOMMENDATION - 5

objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 7, 2014**.

DATED this 23rd day of October, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6